MUSKOGEE LAND CO. VS MULLINS.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 586).

1. *Court Rules—Assignment of Error.*

Under Court of Appeals rule 13 (104 S. W. —) which provides that as the assignment of errors to the admission or rejection of evidence shall quote fully the evidence admitted or rejected, assignments that the court erred in permitting the asking of improper questions over the objections of plaintiff, as appeared by the bill of exceptions on specified pages referred to, were insufficient.

2. *Indians—Lands—Leases.*

Where lands were alloted to minor Indians and rented to the plaintiff by them, a sublease for a term of two years made by plaintiff to defendant ostensibly for farming purposes, but in reality for grazing purposes was void because, it was a violation of treaties of March 1, 1901, and June 30, 1902.

Error to the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, July 21, 1906.

Action by the Muskogee Land Company against Ed Mullins. From a judgment for defendant, plaintiff brings error. Affirmed.

On the 30th day of September, 1904, suit was commenced in the commissioner's court before Peter Deichman, commissioner. Complaint was filed by the plaintiff, and for cause of action against the defendant, Ed. Mullins, alleged that on the 8th day of December, 1902, defendant entered into a written contract with plaintiff whereby he leased from plaintiff the E. ½ of section 11, in township 17 N., range 17 E., in the Creek Nation, Western District of Indian Territory, for a period of two years, and agreed to pay therefor as rent the sum of $192 per year as follows: $96 on April 1, 1903, $96 on September 1, 1903, $96 on April 1, 1904, and $96 on September 1, 1904. Plaintiff further states that the two payments for the year 1903 were paid, as shown by credits on the back of said contract; but plaintiff states that the two payments of $96 each, which should have been paid on the 1st day of April, 1904, and the 1st day of September, 1904, have neither been paid, or any part of same, and that the said payments are long past due, wherefore plaintiff prays judgment against Ed. Mullins for the sum of $192, with interest. On October 19, 1904, motion to make complaint more definite and certain, demurrer and answer filed. Motion was denied; and the demurrer was overruled, and judgment was rendered for the plaintiff against the defendant for the sum of $195.35, and the case was appealed to the District Court. On April 27, 1906, defendant files amended answer, and admits the execution of the rental contract mentioned in plaintiff's complaint, and admits that he occupied the premises therein described for the year 1903, and states that the plaintiff had no title to the lands therein described,

and no right to rent the same, that the owners of said lands were Creek citizens and minors, and the allottees of said lands, and that they and the parties controlling the same notified the defendant that he could not have the use of said lands for the year 1904, and that, if he did not surrender possession of the same, they would apply to the Indian agent to have him removed therefrom, and that upon being notified of these facts, to wit, about January or February, 1904, notified the plaintiff that he could not and would not occupy said premises for said year, and turned possession of the same back to the plaintiff, wherefore he prays that he may have judgment for costs. For a second answer, defendant admits that he executed the contract sued on in this case. He says that he rented the premises mentioned in plaintiff's complaint for grazing purposes for the years 1903 and 1904; that the distinctive agreement and understanding at the time of the execution of said contract was that it was for grazing purposes only, and that the plaintiff knew that he did occupy and use the same during the year 1903 for grazing purposes; that said contract was for two years, and was void, wherefore he prays that he may be discharged, with his costs. On the same day the case was tried before a jury, and the court instructed the jury to return a verdict for the defendant, and the jury, under the direction of the court, returned the following verdict: "We, the jury, find the issues in favor of Ed. Mullins, the defendant. David Santee, Foreman." On April 28, 1906, plaintiff files motion for new trial. On July 23, 1906, motion for new trial was overruled, to which the plaintiff excepts. Judgment was rendered on the verdict, and the plaintiff was granted 60 days to prepare and file bill of exceptions, and the case was brought to this court by writ of error.

*Raymond, Maxey & Runyan,* for plaintiff in error.

*Watts & Fant, Robert F. Blair,* and *De Roos Bailey,* for defendant in error.

TOWNSEND, J. (after stating the facts as above)
The plaintiff in error has filed seven assignments of error, as
follows: "(1) The court erred in permitting counsel for
defendant to ask improper questions on cross-examination
of witness for plaintiff, Eli P. Williams, which was objected
to at the time. See cross-examination of witness Eli P. Wil-
iams, pp. 4-9, Bill of Exceptions. (2) The court erred in
permitting improper questions over the objection of the plaintiff
to be asked of the defendant E. Mullins (see pages 9-16, Bill
of Exceptions), to all of which exceptions were saved at the
time. (3) The court erred in permitting the defendant
to ask witness J. H. Thigpen improper questions and the said
J. H. Thigpen to answer same, over the objections of the plaintiff,
which were excepted to at the time. See pages 17-20, Printed
Record. (4) The court erred in permitting counsel for the
defendant to ask improper questions of and compel Eli P.
Williams, a witness on behalf of plaintiff, when recalled on
cross-examination, to answer said improper questions. See
pages 28-34, Bill of Exceptions. (5) The court erred in
peremptorily instructing the jury of its own motion at the
close of the testimony as follows: 'Gentlemen of the jury,
the facts in this case have been fully stated by the respective
attorneys to the jury, as well as to the court, and the latter
recalls them in all their details. On account of the peculiar
conditions in this territory, novel questions arise, for which
precedents are not found. In this case, however, the Territorial
Court of Appeals has rendered a decision (Owens vs Eaton,
5 Ind. Ter. 275, 82 S. W. 746), which can, in theory, be ad-
duced to this present issue, to some extent. The defendant
contends that the contract is nugatory and void, and, in fact,
that was a nullity from the beginning, to the effect that it
was an illegality before the ink got dry on the paper. Both
litigants are parties of this contract and agreement. Hence
they are "in pari materia," or, we might say, "in pari delicto,"

and the question arises: How far can one complain of the other? It might be understood that the plaintiff had a certain right, or shadow of right, for which the defendant was willing to pay him a certain sum of money per annum, and for the period of two years. Under these conditions, the defendant could hardly recover back the money which he paid for the one year, whilst he occupied the premises. Thus far the doctrine whereby persons share alike in agreement not permissive by law can be applied, but it cannot be gainsaid that the doctrine of locus poenitentiae is not foreign to this issue, and that the defendant could repent and rescind the agreement, and especially, as it appears in this case, when he placed the plaintiff in the same position and condition of the premises as they were at the beginning of the lease. He gave due notice and surrendered them. It is the duty of the court to meet the ends of justice, and therefore to supply any omissions which may have escaped the scrutiny of the contending parties. In this case the plaintiff predicates his claim on what might be called a common-law contract, hence the doctrine of that law should be invoked for all purposes, and, before the plaintiff can recover the rental money for the second year, it was incumbent upon him to prove that he made efforts to lease the land to other parties. He would have to show that he made reasonable efforts to do so. If he failed, he could rent it for more. He would not have been damaged, and his action would fail, but, if he only received a part of that which the defendant agreed to pay, he could only get the balance. Evidence whether or not the land was occupied during the year 1904, and which, perhaps, would have thrown some light upon the subject, was objected to. In view of these expressions, the court need not consider the contention that the lease, apparently made for agricultural purposes, was really intended to be used for grazing purposes, thereby evading the intention and purpose of the law, which

circumstances would be a potential factor in the suit. The court finds it incumbent to instruct the jury to find a verdict for the defendant. Gentlemen of the jury, in view of these expressions, the court instructs you to find in favor of the defendants, and he appoints Mr. Santee to sign this verdict.' Which verdict was in words and figure as follows, to wit: 'We, the jury, find the issues in favor of Ed. Mullins, the defendant. David Santee, Foreman'—which was excepted to at the time. (6) The court erred in overruling the plaintiff's motion for a new trial, which was excepted to at the time. (7) The court erred in entering judgment for defendant on the verdict of the jury, which was excepted to at the time."

The first, second, third, and fourth assignments of error complain of the admission by the trial court of improper testimony on the part of the defendant, which counsel for plaintiff in error says is fully set out in the bill of exceptions at the pages referred to for each assignment of error. Rule 13 of this court provides: "The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded; but the court, at its option may notice a plain error not assigned."

The first, second, third and fourth assignments of error are not in compliance with the rule, and therefore said assignments will not be considered.

The fifth assignment of error complains of the action of the court in instructing the jury to return a verdict for the defendant. It appears from the evidence that plaintiff in error claimed the lands under a lease contract made by the father to the lands of his minor children; that they subrented said lands, ostensibly for agricultural purposes, but really for grazing purposes, to defendant, for a term of two years; that they knew said lands had been used by defendant in error for the year 1903 for grazing purposes, and that he intended to use the lands for 1904 for the same purpose, and this contract, being in violation of both the treaty approved March 1, 1901, and the supplemental treaty, approved June 30, 1902, is absolutely void. In the case of Owens vs Eaton, 5 Ind. Ter. 275, 82 S. W. 746, the court below referred to said decision as follows: "On account of the peculiar conditions in this territory, novel questions arise, for which precedents are not found. In this case, however, the Territorial Court of Appeals has rendered a decision (Owens vs Eaton), which can, in theory, be adduced to this present issue, to some extent." The decision of the court in Owens vs Eaton is as follows: "We therefore hold that as Congress, in aid of the public policy of the government in relation to Indian lands, and the speedy allotment of them in the Indian Territory, had passed a statute positively declaring all such leases as that upon which the plaintiff in this case relied void, and, as the very purpose of the statute was to put an end forever to all holding of Indian lands under them, the lease under which the plaintiff claims title, being of the prescribed class, is not only void, and conveyed to him no title, but that it did not create, as between him and his sublessee, the defendant, the relation of landlord and tenant, and in this action he (the defendant) could deny

and show the want of title in plaintiff.   The truth of the matter is that these transactions, conveying from one to the other, and executing subleases under the void leases, was, as to all of the parties, including both plaintiff and defendant, unlawful and against the public policy of the law, and all were in equal fault; and in such cases the parties being in pari delicto, the courts will refuse to listen to the prayer of their complaints, and will close their doors against them." As decided in the foregoing case, the parties in this case are in pari delicto, and the court will refuse to listen to the prayer of their complaints. The judgment of the court below, we are satisfied; is correct, and it is therefore affirmed.

GILL, C. J., and CLAYTON and LAWRENCE, JJ., concur.